# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## OCTOBER TERM, 1872.

[No. 3,322.]

### BEAUDRY v. VACHE.

WHEN ATTACHMENT CANNOT BE ISSUED.—One who receives the stock of an association, as collateral, to secure him for a liability incurred by signing a promissory note, and who is compelled to pay the note thus signed, cannot sue out an attachment in an action brought to recover the money thus paid.

IDEM.—In such case, the party receiving the stock has some interest in the certificates, and the value of his lien, or its sufficiency to cover the amount of the claim it was intended to secure, or the question whether the certificates were indorsed, are matters not to be inquired into on a motion to dissolve the attachment.

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

The plaintiff and defendant and two others gave Francisca Wolfskill a promissory note for three thousand dollars. The plaintiff, though he signed as principal, was only a surety, and the defendant having failed to pay the note, the plaintiff

paid the same, and brought this action to recover the sum thus paid.

The other facts are stated in the opinion.

*Brunson,* for Appellant.

Had respondent a lien of any kind upon any property, to secure him against his liability upon the note? If he had, the order of the District Court refusing to dissolve the attachment issued herein was error, for "the statute has made no specification of the character of the liens necessary to fill the requirements of the section, and the Court is not authorized to make any discrimination in favor of or against any particular kind of lien." (*Hill* v. *Grigsby,* 33 Cal. 59; Practice Act, Sec. 120.)

The words mortgage, lien, and pledge are each used in this section in their most comprehensive sense, embracing every species of security. (*Payne* v. *Bensley,* 8 Cal. 267.)

A lien is not in strictness a *jus in re* or *jus ad rem,* but it is simply a right to possess and retain property until some charge attaching to it is paid or discharged. (1 Story's Eq. Ju., Sec. 506.) It is not a property in the thing itself, nor does it constitute a right of action for the thing. It more properly constitutes a charge upon the thing. (2 Story's Eq. Ju., Secs. 1215, 1216.)

*Glassell, Chapman & Smith,* for Respondent, argued that inasmuch as it did not appear whether the certificates were actually indorsed by Vache to Beaudry, but only delivered, that under *Weston* v. *Bear R. M. Co.,* 5 Cal. 186, 9 Cal. 79, and 20 Cal. 532, the creditors of Vache could at any time have attached the stock, and that Beaudry therefore had no real security, and no fixed determinate lien capable of being enforced with certainty, and cited *Porter* v. *Brooks,* 35 Cal. 203.

By the COURT:

The demand of the plaintiff upon which this suit is founded was secured by "sixty-eight shares of the Los Angeles Wine Growers' Association" as collateral, which shares had been received by the plaintiff at the time he incurred the liability for the defendant. The plaintiff agreed to return the shares whenever he was relieved of the liability he assumed as surety for the defendant, and to give the defendant a proxy to vote upon these shares, if in the meantime an election for officers of the association should be held, which would indicate that the certificates had not only been delivered, but indorsed by the defendant. The plaintiff, having been compelled to pay the note upon which he was surety, brought an action against the defendant, and having sued out a writ of attachment against the property of the latter, which was levied, the defendant moved to discharge the attachment, on the ground that the payment of the demand sued upon had been secured by a lien upon the shares of capital stock of the association. The motion was denied, and the defendant brings this appeal from the order.

It cannot be maintained that, upon receiving the shares as collateral the demand of the plaintiff was not secured by a mortgage lien or pledge upon personal property. The value of the lien or its sufficiency to cover the amount of the claim it was intended to secure—whether or not the certificates had been actually indorsed when they were delivered to the plaintiff, so that the latter might, if he chose, have surrendered them to the association and received new certificates in their stead, and so protect himself against attachments subsequently sued out by other creditors of the defendant—are matters not to be inquired into in arriving at a determination of the question under consideration; for, whether indorsed or not, the plaintiff acquired *some interest* in the certificates. The lien, such as it was, was conven-

tional in its inception, and had been accepted by the plaintiff, and it is not pretended that such security as it afforded had been rendered nugatory by any act of the defendant. (Pr. Act, Sec. 120, Subd. 2.) Under the provisions of the Practice Act designating the cases in which a writ of attachment may issue it is clear that the plaintiff was not entitled to the writ in the first instance, and the motion of the defendant to set it aside should have been sustained.

Order reversed.